# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5569 | **DATE** | 1/28/2002 |
| **CASE TITLE** | Yvonne Averhart vs. Cook County Corrections, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants Cook County Corrections Department and Cook County Sheriff's Department motion to dismiss is granted in part and denied in part. The complaint against defendant Cook County Corrections Department is dismissed, with prejudice. The Cook County Sheriff's Department's motion to dismiss is denied as to count I, and granted as to counts II and III. Plaintiff's claim for punitive damage is stricken. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JAN 29 2002 date docketed | | C1 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 JAN 28 PM 2:40 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JAN 2 9 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE AVERHART,<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY CORRECTION DEPARTMENT and COOK COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | 01 C 5569<br><br>Judge George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Defendants Cook County Correction Department and Cook County Sheriff's Department have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiff's complaint. For the reasons stated below, the motion is granted in part and denied in part.

**I. Factual Background**

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the complaint, in 1985 or 1986, plaintiff, an African-American woman, became a member of a class action lawsuit against defendants that alleged, among other things, racially discriminatory hiring practices. The case was settled, and defendants extended employment offers to plaintiff and some other class members. Plaintiff began working for defendants as a correctional officer in 1986. From 1986 to 1999, plaintiff's annual performance reviews graded

her performance as "good" to "very good," and she was not cited for any infractions of rules during that time.

In late 1999, defendants searched plaintiff's locker for contraband. No contraband was found, but plaintiff received a "write-up," or report of a rules infraction, for storing cleaning supplies in her locker. Previous supervisors had directed plaintiff to store cleaning supplies in her locker.

In January 2000, plaintiff was transferred to another post. This post was located in a basement, with no windows, ventilation, air conditioning, or nearby bathroom. Plaintiff asked her supervisors for bathroom breaks between one and three times each day. These requests were almost always denied, and plaintiff received write-ups or notifications of code violations, or both, when she used the bathroom without permission. Plaintiff worked in this post for over eight months, while no other officer had worked there for more than two months.

In 2000, plaintiff testified in a deposition in behalf of a co-worker who had filed a sexual harassment lawsuit against defendants. Around the time that she gave this testimony, plaintiff was accused of disciplinary code violations, such as for acts of insubordination and uniform violations. She was the subject of daily pat-down searches, clothes inspections, purse inspections, and locker searches. These searches often took place in front of other officers, which plaintiff claims caused her much embarrassment and humiliation. According to plaintiff, no other officer was searched as frequently and intrusively.

Defendants have conducted an investigation into violations they allege plaintiff has committed, including acts of insubordination, conduct unbecoming an officer, and filing a false police report. Plaintiff describes this investigation as "unwarranted and ill-conceived."

2

Plaintiff filed a charge of discrimination based on retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") on September 5, 2000, and was issued a right-to-sue letter on April 19, 2001. Plaintiff then filed this action, alleging retaliation, and harassment and disparate treatment based on race, color, or national origin in violation of Title VII[1] of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and intentional infliction of emotional distress.

## II. Discussion

At the outset, the court notes that plaintiff concedes that defendant Cook County Corrections Department is a non-suable entity. Accordingly, all claims against Cook County Corrections Department are dismissed. In her response to the motion to dismiss, plaintiff also requests an opportunity to amend her complaint to add "Cook County Sheriff" and "County of Cook" as defendants. This request is denied, because a response to defendants' motion to dismiss is not the proper place to make it. See Fed. R. Civ. P. 7(b)(1) ("[a]n application to the court for an order shall be by motion...."). Plaintiff is free to use an appropriate procedure to seek leave to amend her complaint.

When ruling on a motion to dismiss, the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. See Graehling v. Village of

---

[1] Plaintiff actually claims retaliation in violation of "Title VIII" in Count I, but the court assumes she intended to base her claim in Title VII, based on her citation of 42 U.S.C. § 2000e et. seq.

Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995). "[A]lthough plaintiffs can plead conclusions, the conclusions must provide the defendant with at least minimal notice of the claim." Jackson v. Marion County, 66 F.3d 151, 154 (7th Cir. 1995). A plaintiff can "plead himself out of court by alleging facts which show that he has no claim." Id.

The Sheriff's Department seeks the dismissal of Count I, which alleges retaliation, with the bare statement in its motion to dismiss that plaintiff has failed to state a prima facie case of retaliation under Title VII. The Sheriff's Department's supporting brief provides no elaboration on this proposed ground for dismissal; that document is completely silent on the issue. Federal Rule of Civil Procedure 7(b)(1) requires that a motion "state with particularity the grounds therefor...." The purpose of this particularity requirement is "to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." Registration Control Sys., Inc. v. Compusystems, Inc., 922 F.2d 805, 807 (Fed. Cir. 1990).

The Sheriff Department's conclusory statement regarding Count I in its motion to dismiss is insufficient to comply with the particularity requirement in Rule 7. A claim of retaliation may fall short in a number of ways, including by failing to adequately identify a statutorily protected expression, an adverse action suffered, or a causal connection between the two. See Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307, 1313 (7th Cir. 1989) (outlining elements of prima facie case of retaliation). The court declines to guess in which of these ways the Sheriff's Department found plaintiff's retaliation claim wanting. The Sheriff Department's motion to dismiss Count I is denied.

The Sheriff's Department next contends that Count II of the complaint, alleging harassment and disparate treatment based on race, color, or national origin, should be dismissed because it exceeds the scope of plaintiff's EEOC charge. Generally, a plaintiff may not make a claim under Title VII that she did not include in her underlying EEOC charge. McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 481 (7th Cir. 1996). This rule, however, does not require a Title VII plaintiff to have included in the EEOC charge every fact supporting her claim. Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). Rather, the claim in the complaint must simply be "like or reasonably related to the allegations" of the underlying EEOC charge, and grow out of those allegations. Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976).

Here, plaintiff checked the box for "retaliation" as the type of discrimination she alleged in her EEOC charge, and did not check any of the boxes for "race," "color," or "national origin." Of course, a claim may be within the scope of the EEOC charge, despite a failure to check the box indicating the form of discrimination at issue, if the body of the charge alleges that form of discrimination. See, e.g., Kristufek v. Hussmann Foodservice Co., 985 F.2d 364, 368 (7th Cir. 1993); Jenkins, 538 F.2d at 168. However, the narrative in the body of plaintiff's EEOC charge does not mention discrimination based on color or national origin either, and only obliquely refers to racial discrimination in the context of her hiring, years earlier.[2]

---

[2] Plaintiff's EEOC charge alleges, in its entirety:

I was hired by Respondent on December 16, 1986 as a Correctional Officer. In 1985 or 1986 I participated in a class action racial discrimination suit which resulted in my hiring. In 1992 and more recently in 2000, I gave a deposition on behalf of a coworker who was sexually harassed. Since then and continuing, I believe that I have been retaliated against in that I have been unfairly written up

5

Plaintiff contends that the statement in the EEOC charge that she participated in a class action racial discrimination suit in 1985 or 1986, which resulted in the Sheriff Department hiring her, is sufficient to place the Sheriff's Department on notice of at least a racial discrimination charge. The court disagrees. Plaintiff's EEOC charge alleges that the Sheriff's Department retaliated against her for testifying in depositions in 1992 and 2000 in a sexual harassment matter. Plaintiff did not allege in her EEOC charge that the Sheriff's Department's treatment of her since she was deposed is also in some way related to her participation in the class action lawsuit years earlier. The EEOC charge does not even indicate plaintiff's race or the race of the other officers whom plaintiff alleges were treated more favorably.

Even when viewed as liberally as the motion to dismiss standard requires, plaintiff's EEOC charge alleges only retaliation. "[R]etaliation and discrimination are separate and distinct wrongs. Indeed, the very gist of a retaliatory harassment action is that the employer has 'lashed out' against an employee for [engaging in a protected activity], not out of animosity for the employee's race or national origin." Nair v. Bank of Am. Illinois, 991 F. Supp. 940, 954 (N.D. Ill. 1997). As the Seventh Circuit has explained, discrimination and retaliation are unrelated as a matter of law because the contrary position "would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge...." O'Rourke v. Continental Cas. Co., 983 F.2d 94, 97 (7th Cir. 1993) (quoting Steffen v. Meridian Life Ins. Co.,

---

and recommended for suspension numerous times, most recently on August 16, 2000. Respondent also subjects me to different terms and conditions of my employment in that I am not allowed to leave the basement and work upstairs. Other Correctional Officers are treated more favorably.

I believe that I have been retaliated against for having participated in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

859 F.2d 534, 544 (7th Cir. 1988)). In this case, plaintiff's claim of racial discrimination does not grow out of her passing mention of her mid-1980's racial discrimination class action in her EEOC charge. Nor could the EEOC reasonably have been expected to investigate racial discrimination, much less discrimination based on color or national origin. Because plaintiff's race, color, and national origin discrimination claim is beyond the scope of her EEOC charge, it must be dismissed.

The Sheriff's Department also argues that under Title VII, plaintiff is not entitled to the punitive damages she seeks. As plaintiff concedes, a litigant can only recover punitive damages under Title VII against "a respondent *(other than a government, government agency or political subdivision)*...." See 42 U.S.C. § 1981a(b)(1) (emphasis added). There is no dispute that the Sheriff's Department is a government agency. The Sheriff's Department's motion to dismiss is granted as to the complaint's prayer for punitive damages.

Finally, the Sheriff's Department contends that the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 et seq., preempts plaintiff's claim of intentional infliction of emotional distress in Count III. The IHRA removes from federal and state court jurisdiction all civil rights violations covered by the Act. 775 ILCS 5/8-111(C); Geise v. Phoenix Co. of Chicago, 639 N.E.2d 1273, 1276 (Ill. 1994); Haas v. Village of Hinsdale, No. 01 C 1278, 2001 WL 1609367, at *2 (N.D. Ill. Dec. 17, 2001). Under the Act, "civil rights violations" include racial discrimination in the terms, privileges, or conditions or employment. 775 ILCS 5/1-103(Q) & 5/2-102(A). Although torts independent of any civil-rights claims remain subject to judicial adjudication, if a claim is "inextricably linked" to a civil rights violation, it is preempted by the IHRA, and must be presented to the Illinois Human Rights Commission rather than to a court.

7

Geise, 639 N.E.2d at 1277; Maksimovic v. Tsogalis, 687 N.E.2d 21, 22 (Ill. 1997).

Plaintiff's intentional infliction of emotional distress claim is preempted by the IHRA. That claim is based on the same acts that form the basis of plaintiff's racial harassment and retaliation claims: the Sheriff's Department's searching her person and belongings, transferring her to an undesirable location, denying her bathroom breaks, punishing her for using the bathroom, and unjustifiably investigating her. A civil rights violation forms the core of plaintiff's theory, rather than being "'merely incidental' to a mundane tort." See Smith v. Chicago School Reform Bd. of Trustees, 165 F.3d 1142, 1151 (7th Cir. 1999). Accordingly, the IHRA preempts her intentional infliction of emotional distress claim, and the claim must be dismissed.

**ORDERED:** The complaint against defendant Cook County Corrections Department is dismissed, with prejudice. The Cook County Sheriff's Department's motion to dismiss is denied as to Count I, and granted as to Counts II and III. Plaintiff's claim for punitive damages is stricken.

ENTER:

_George W. Lindberg_
George W. Lindberg
Senior United States District Judge

DATED: __JAN 2 8 2002__

8